IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

UNITED STATES OF AMERICA,            )
                                     )
          Plaintiff,                 )
                                     )
v.                                   )      Case No. CR-26-11-RAW
                                     )
DONTAVIES DUAN'DRA WARHOP,           )
                                     )
          Defendant.                 )

## ORDER

This matter came on for hearing on June 24, 2026 on defense counsel's motion for substitution of counsel (#28). At the hearing's conclusion, after considering the factors in *United States v. Williamson,* 859 F.3d 843 (10th Cir.2017), the court granted the motion, and determined that a continuance of the trial date until August 4, 2026 was appropriate.

Continuance of the jury trial may implicate the Speedy Trial Act, 18 U.S.C. §§ 3161 et seq. The Act requires a defendant to be brought to trial within seventy days of his initial appearance in the charging district. The instant request for a continuance falls under §3161(h)(7)(A) of the Speedy Trial Act. This section permits a federal district court to exclude any period of delay resulting from a continuance if "the judge granted such continuance on the basis of his findings that the ends of

justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). A court must orally or in writing set forth its reasons for granting an ends of justice continuance and make findings that a continuance is in the best interest of the defendant and the public. The statute permits a court to consider whether "the failure to grant such a continuance... would deny counsel for the defendant... the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." Id. at § 3161(h)(7)(B)(iv). The Tenth Circuit has been clear that an ends of justice continuance should not be granted "cavalierly" and it was intended to be a "rarely used tool." United States v. Williams, 511 F.3d 1044, 1048-49 (10th Cir. 2007). In *United States v. Toombs*, 574 F.3d 1262 (10th Cir. 2009), the Tenth Circuit limited the circumstances in which an ends of justice continuance can be granted and emphasized that this should be a rarely used procedural tool. A district court must also give significant weight to the public's interest in a speedy trial, and the public's interest is generally served by strict adherence to the requirements of the Speedy Trial Act. Id. at 1273.

The Court finds that an ends of justice continuance is appropriate under the circumstances involving a change in defense counsel. The

request for additional time to prepare is reasonable particularly in this instance. The cause warrants the extension in the interest of justice to ensure Defendant may effectively prepare for a trial.

Further, the Court finds justification to exclude the period of delay for an ends of justice continuance. In addition to the interests of the Defendant, the Court has considered the public's interest in the speedy resolution of criminal cases and finds that a limited ends of justice continuance will not subvert the public's interest in the prompt prosecution of criminal matters.

The court further finds that the ends of justice served by granting this continuance outweigh the best interests of the public and the defendant in a speedy trial. 18 U.S.C. § 3161(h)(7)(A) and (B). The period of delay resulting from this continuance is considered excludable time as provided in 18 U.S.C. § 3161(h)(7)(A).

It is the order of the court that the motion of defense counsel to withdraw and request for substitute counsel (#28) is hereby granted.  The Federal Public Defender is directed to appoint substitute counsel from the CJA panel.  The case is hereby continued to the August 4, 2026 trial docket.  The time from July 7, 2026 to August 4, 2026, inclusive, is excludable pursuant to 18 U.S.C. §

3161(h)(7).

**ORDERED THIS 25th DAY OF JUNE, 2026.**

_____

**RONALD A. WHITE**
**UNITED STATES DISTRICT JUDGE**